UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr No. 4:07-360 |
| vs. | ) | |
| | ) | ORDER |
| Darren Denard Dixon | ) | |
| | ) | |

This matter is before the court on Defendant's "Motion to Enforce the Plea Agreement" filed on June 7, 2012, in which Defendant asks the court to compel the Government to file a motion for reduction of his sentence under Fed.R.Crim.P. 35. (Doc. # 303). Defendant also filed a Motion to Amend his "Motion to Enforce the Plea Agreement" on June 19, 2012, in which Defendant asks the Court to consider his additional filing of an affidavit by him in support of his "Motion to Enforce the Plea Agreement."[1] (Doc. # 307). As the Court has considered all correspondence submitted by the Defendant, this motion to amend is **GRANTED**. (Doc. # 307). The Government has responded and opposes the Defendant's motion to enforce the plea agreement.

As an initial matter, the Court notes a discussion of a portion of the general body of law relevant to Rule 35(b) motions is warranted. Rule 35(b) of the Federal Rules of Criminal Procedure establishes that a court may reduce a sentence to reflect substantial assistance by the defendant upon a motion by the government. It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a government motion only if: 1) the government has obligated itself in a plea agreement to move for a departure, or 2) the government's refusal to move for a departure was based on an unconstitutional motive. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir.

---

[1] The Court notes that Defendant has also submitted correspondence addressed to the Court on July 6, 2012, which the Court has also fully considered. (Doc. # 309).

1

1994)(citing Wade v. United States, 504 U.S. 181, 185-86 (1992). A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a preponderance of the evidence according to normal contract principles. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a "substantial threshold showing" that the government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. See United States v. Taylor, 1999 WL 30928 at 3 (4th Cir. January 26, 1999)(unpublished)(requiring a substantial threshold showing on the first factor); Wallace, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

In this case it does not appear that there is an appropriate basis to reduce Defendant's sentence at this time. Specifically, at this time, the Government has not made a motion pursuant to Rule 35(b), nor has Defendant presented evidence that the Government obligated itself to file such a motion. Additionally, the Court cannot conclude that Defendant has made a substantial threshold showing of an unconstitutional motive as required to obtain relief under Wallace. In sum, Defendant has provided no basis to compel a reduction of his sentence under Rule 35(b). Accordingly, based on the foregoing reasons, the Court concludes that to the extent that Defendant's motion asks that the Court compel the Government to file a Rule 35(b) motion, the motion is **DENIED**. (Doc. # 303).

Additionally, the Court finds that some further analysis is warranted based on the unique circumstances of this case to the extent that Defendant asks that the plea agreement in this case be enforced. On May 3, 2010, the Government filed a motion for a reduction of the Defendant's

sentence pursuant to Federal Rule of Criminal Procedure 35(b). The Defendant was serving his sentence at FCI Williamsburg in Salters, SC, at the time the Government filed its Rule 35(b) motion. On May 8, 2010, the Defendant escaped from FCI Williamsburg. On May 10, 2010, the Government filed a motion to withdraw its Rule 35(b) motion based on the fact that the Defendant had escaped. The motion was granted on July 29, 2010. Paragraph 5 of the plea agreement entered into between the Defendant and the Government states:

> "The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case."

Paragraph 6 further states:

> In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

The Defendant violated federal law when he escaped from FCI Williamsburg on May 8, 2010. In particular, the Defendant violated Title 18, United States Code, Section 751(a). The Defendant was indicted for the May 8, 2010, escape on February 22, 2011. See Doc. # 308-1, Exhibit A to the Government's response to Defendant's motion. Defendant pled guilty to the charge on June 7, 2011, and was sentenced on December 8, 2011. See Doc. # 308-2, Exhibit B to the Government's response to Defendant's motion. The Defendant violated federal law when he escaped on May 8, 2010. The Government's obligation to file or pursue a Rule 35(b) motion ended when the Defendant violated federal law by escaping. The fact that the Government's motion to withdraw the Rule 35(b) motion was granted before the Defendant was convicted of the escape charge makes no difference. The plea agreement merely requires that the Defendant abide by state and federal law, it is not necessary for the Defendant to be convicted of a new law violation for him to violate his plea

3

agreement.

The Defendant also contends that he was not given notice of the motion to withdraw the 35(b) motion. The Government asserts that this contention is not correct, as the Defendant was sent notice of the motion and the Defendant was also in frequent contact with the United States Attorney's office and was told, several times, that the motion to withdraw had been filed.

After careful review and consideration, the Court finds that Defendant's motion to enforce the plea agreement should be **DENIED** (Doc. # 303), as he breached the terms of the plea agreement by violating federal law. This Court appropriately granted the Government's motion to withdraw its Rule 35(b) motion and concludes that the Government has no further obligation to pursue a Rule 35(b) motion at this time. See generally, U.S. v. Hartwell, 448 F.3d 707 (4th Cir. 2006).

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>
**TERRY L. WOOTEN**<br>
**UNITED STATES DISTRICT JUDGE**

July 31, 2012
Florence, South Carolina